## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

MDV Photo LLC,

                Plaintiff,

      v.

124 Grand Holdings, Inc. d/b/a
Stikwood, Williams-Sonoma, Inc.,
Overstock.com, Inc., Wayfair LLC,
WAL-MART.COM USA, LLC, The
Home Depot, Inc., and Hardwood
Solutions LLC,

             Defendant.

_____/

Case No:

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff MDV Photo LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendants 124 Grand Holdings, Inc. d/b/a Stikwood ("*Primary Infringer*") and Williams-Sonoma, Inc., Overstock.com, Inc., Wayfair LLC, WAL-MART.COM USA, LLC, The Home Depot, Inc., and Hardwood Solutions LLC ("*Downstream Infringers*") (collectively the Primary Infringer and Downstream Infringers are referred to herein as "*Defendants*") states and alleges as follows:

### INTRODUCTION

1.    This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq.*

2.    Marie-Dominique Verdier ("*Verdier*") created a photograph of a bedroom with a large bed with a brown duvet, a small white rug, ceiling fan, and a wall of weathered, wooden paneling (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.    Defendant 124 Grand Holdings, Inc. d/b/a Stikwood ("*Stikwood*") operates an account on Twitter known as "@stikwooddesign" (the "*Account 1*").

4.    Defendant Williams-Sonoma, Inc. ("*Williams-Sonoma*"), owns and operates a

website at domain www.potterybarn.com (the "*Website 1*")

5. Defendant Overstock.com, Inc. ("*Overstock*") owns and operates a website at domain www.overstock.ca (the "*Website 2*").

6. Defendant Wayfair LLC ("*Wayfair*") owns and operates a website at domain www.wayfair.com (the "*Website 3*").

7. Defendant Wayfair further owns and operates a website at domain www.perigold.com (the "*Website 4*").

8. Defendant Wal-Mart.com USA, LLC ("*Walmart*") owns and operates a website at domain www.walmart.com (the "*Website 5*").

9. Defendant The Home Depot, Inc. ("*Home Depot*") owns and operates a website at domain www.homedepot.com (the "*Website 6*").

10. Defendant Hardwood Solutions LLC ("*Hardwood Solutions*") owns and operates a website at domain www.hardwoodsolutionsofnashville.com (the "*Website 7*").

11. Stikwood, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on Account 1 and engaged in this misconduct knowingly and in violation of the United States copyright laws.

12. Defendants, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on Websites 1 – 7 (hereinafter collectively "*Websites*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

13. Plaintiff MDV Photo LLC is a limited liability company and maintains a principal place of business in Boulder County, Colorado.

14. Upon information and belief, defendant Stikwood is Michigan corporation with a principal place of business at 4849 Barden Court, Kentwood in Kent County, Michigan.

15. Upon information and belief, defendant Williams-Sonoma is a California corporation with a principal place of business at 3250 Van Ness Ave, San Francisco in San Francisco County, California.

SIG SANDERS
LAW GROUP.

16.    Upon information and belief, defendant Overstock is Utah corporation with a principal place of business at 799 West Coliseum Way, Midvale in Salt Lake County, Utah.

17.    Upon information and belief, defendant Wayfair is a Massachusetts limited liability company with a principal place of business at 4 Copley Place, Floor 7, Boston in Suffolk County, Massachusetts.

18.    Upon information and belief, defendant Walmart is a California limited liability company with a principal place of business at 850 Cherry Avenue, San Bruno in San Mateo County, California.

19.    Upon information and belief, defendant Home Depot is a Georgia corporation with a principal place of business at 2455 Paces Ferry Road SE, Atlanta in Cobb County, Georgia.

20.    Upon information and belief, defendant Hardwood Solutions is a Tennessee limited liability company with a principal place of business at 4732 Tritschler Ln, Murfreesboro in Rutherford County, Tennessee.

**JURISDICTION AND VENUE**

21.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

22.    This Court has personal jurisdiction over Stikwood because it maintains its principal place of business in Michigan.

23.    This Court has specific personal jurisdiction over Williams-Sonoma under the applicable long-arm jurisdictional statute of Michigan because it does business Stikwood and purposely directs substantial activities at the residents of Michigan by means of Website 1.

24.    This Court has personal jurisdiction over Overstock under the applicable long-arm jurisdictional statute of Michigan because it does business Stikwood and purposely directs substantial activities at the residents of Michigan by means of Website 2.

25.    This Court has personal jurisdiction over Wayfair under the applicable long-arm jurisdictional statute of Michigan because it does business Stikwood and purposely directs substantial activities at the residents of Michigan by means of Websites 3 and 4.

26.     This Court has personal jurisdiction over Walmart under the applicable long-arm jurisdictional statute of Michigan because it does business Stikwood and purposely directs substantial activities at the residents of Michigan by means of Website 5.

27.     This Court has personal jurisdiction over Home Depot under the applicable long-arm jurisdictional statute of Michigan because it does business Stikwood and purposely directs substantial activities at the residents of Michigan by means of Website 6.

28.     This Court has personal jurisdiction over Hardwood Solutions under the applicable long-arm jurisdictional statute of Michigan because it does business Stikwood and purposely directs substantial activities at the residents of Michigan by means of Website 7.

29.     Venue is proper under 28 U.S.C. §1391(b)(2) because Stikwood does business in this Judicial District and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A.     **Plaintiff's Copyright Ownership**

30.     Plaintiff is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

31.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

32.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

33.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

34.     In February 2016, Verdier first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

35.     In creating the Photograph, Verdier personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made

each and every artistic determination necessary for the creation of the work.

36.     On July 22, 2021, the Photograph was registered by USCO under Registration No. VA 2-266-627.

37.     Verdier created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

38.     Verdier published the Photograph by commercially licensing it to Selle Valley Construction, Inc.

39.     Plaintiff acquired the rights in and to the Photograph from Verdier by way of written assignment.

**B.**     **Defendant's Infringing Activity**

40.     Upon information and belief, Stikwood is the registered owner of Account 1 and is responsible for its content.

41.     Upon information and belief, Stikwood is the operator of Account 1 and is responsible for its content.

42.     Upon information and belief, Williams-Sonoma is the registered owner of Website 1 and is responsible for its content.

43.     Upon information and belief, Williams-Sonoma is the operator of Website 1 and is responsible for its content.

44.     Upon information and belief, Overstock is the registered owner of Website 2 and is responsible for its content.

45.     Upon information and belief, Overstock is the operator of Website 2 and is responsible for its content.

46.     Upon information and belief, Wayfair is the registered owner of Website 3 and is responsible for its content.

47.     Upon information and belief, Wayfair is the operator of Website 3 and is responsible for its content.

48.     Upon information and belief, Wayfair is the registered owner of Website 4 and is

responsible for its content.

49.     Upon information and belief, Wayfair is the operator of Website 4 and is responsible for its content.

50.     Upon information and belief, Walmart is the registered owner of Website 5 and is responsible for its content.

51.     Upon information and belief, Walmart is the operator of Website 5 and is responsible for its content.

52.     Upon information and belief, Home Depot is the registered owner of Website 6 and is responsible for its content.

53.     Upon information and belief, Home Depot is the operator of Website 6 and is responsible for its content.

54.     Upon information and belief, Hardwood Solution is the registered owner of Website 7 and is responsible for its content.

55.     Upon information and belief, Hardwood Solution is the operator of Website 7 and is responsible for its content.

56.     The Websites and Account 1 are key components of Defendants' respective popular and lucrative commercial enterprises.

57.     Account 1 is monetized in that it sells merchandise to the public and, on information and belief, Stikwood profits from these activities.

58.     Website 1 is monetized in that it sells merchandise to the public and, on information and belief, Williams-Sonoma profits from these activities.

59.     Website 2 is monetized in that it sells merchandise to the public and, on information and belief, Overstock profits from these activities.

60.     Website 3 is monetized in that it sells merchandise to the public and, on information and belief, Wayfair profits from these activities.

61.     Website 4 is monetized in that it sells merchandise to the public and, on information and belief, Wayfair profits from these activities.

62.     Website 5 is monetized in that it sells merchandise to the public and, on information and belief, Walmart profits from these activities.

63.     Website 6 is monetized in that it sells merchandise to the public and, on information and belief, Home Depot profits from these activities.

64.     Website 7 is monetized in that it sells merchandise to the public and, on information and belief, Hardwood Solution profits from these activities.

65.     Stikwood displayed the Photograph on Account 1 at URL: https://www.twitter.com/stikwooddesign  ("*Infringement 1*"). A copy of a screengrab of Account 1 including the Photograph is attached hereto as Exhibit 2.

66.     Without permission or authorization from Plaintiff, Stikwood volitionally copied and/or displayed Plaintiff's copyright protected Photograph on Account 1.

67.     Plaintiff discovered Infringement 1 on July 17, 2021.

68.     Upon information and belief, Stikwood broadly disseminated Plaintiff's Photograph to various third-parties and/or authorized the use of same in further violation of Plaintiff's copyright.

69.     Upon information and belief, Stikwood contributed to the third-party wholesalers and/or retailer's infringing uses of the Photograph on their own web and/or social platforms to promote the sale of its products.

70.     Upon information and belief, Stikwood received a financial benefit from the infringing uses by third-party wholesalers and/or retailers.

71.     Williams-Sonoma displayed the Photograph on Website 1 at URL: https://www.potterybarn.com/products/stikwood-art/ ("*Infringement 2*"). A copy of a screengrab of Website 1 including the Photograph is attached hereto as Exhibit 2.

72.     The Photograph was stored at URL: https://www.potterybarn.com/products/stikwood-art/#viewLargerHeroOverlay.

73.     Without permission or authorization from Plaintiff, Williams-Sonoma volitionally copied and displayed Plaintiff's copyright protected Photograph on Website 1.

74.     Plaintiff discovered Infringement 2 on July 17, 2021.

75.     Overstock    displayed    the    Photograph    on    Website    2    at    URL:
https://www.overstock.ca/Home-Garden/Wall-Paneling/Wood,/material,/12273/subcat.html.    A
copy of a screengrab of Website 2 including the Photograph is attached hereto as Exhibit 2.

76.     The    Photograph    was    displayed    on    Website    2    at    URL:
https://www.overstock.ca/Home-Garden/Wall-Paneling/Wood,/material,/12273/subcat.html    at
least eight separate times ("*Infringement 3 – 10*").

77.     Additionally, Overstock displayed the Photograph on Website 2 at URL:
https://www.overstock.ca/Home-Garden/Rustic-Look-Naturally-Weathered-Reclaimed-Barn-
Wood-
Panels/33863917/product.html?refccid=TJMMIQXCEGX3X22JCGWN4FMS4E&searchidx=8
&kwds=&rfmt=material%3AWood (*Exhibit 2- Infringement #11*).

78.     The    Photograph    was    stored    at    URL:
https://ak1.ostkcdn.com/images/products/is/images/direct/95beb77431db8c1568ddcc842b9cc599
9f8cd36f/Rustic-Look-Naturally-Weathered-Reclaimed-Barn-Wood-
Panels.jpg?imwidth=480&impolicy=medium.

79.     Without permission or authorization from Plaintiff, Overstock volitionally copied
and/or displayed Plaintiff's copyright protected Photograph on Website 2.

80.     Plaintiff discovered Infringements 3 – 11 on July 17, 2021.

81.     Wayfair    displayed    the    Photograph    on    Website    3    at    URL
https://www.wayfair.com/home-improvement/pdp/porpora-46-x-48-reclaimed-wood-wall-
paneling-in-light-browngray-prpa3915.html. A copy of a screengrab of Website 3 including the
Photograph is attached hereto as Exhibit 2.

82.     Additionally, Wayfair displayed the Photograph on Website 4 at URLs:
https://www.perigold.com/home/pdp/porpora-46-x-48-reclaimed-wood-wall-paneling-in-light-
browngray-prpa3915.html?piid=    and    https://www.perigold.com/home/pdp/porpora-46-x-48-
reclaimed-wood-wall-paneling-in-light-browngray-p000166999.html.

83.     The     Photograph     was     stored     at     URL:     https://secure.img1-fg.wfcdn.com/im/62558993/resize-h800-w800%5Ecompr-r85/1489/148950502/Porpora+4.6%22+x+48%22+Reclaimed+Wood+Wall+Paneling+in+Light+Brown%2FGray.jpg.

84.     Without permission or authorization from Plaintiff, Wayfair volitionally copied and/or displayed Plaintiff's copyright protected Photograph on Website 3 and Website 4.

85.     Plaintiff discovered Infringements 12 – 14 on July 17, 2021.

86.     Walmart     displayed     the     Photograph     on     Website     5     at     URL https://www.walmart.com/ip/DIY-Self-Adhesive-Reclaimed-Wood-Planks-Wall-Decor-Rustic-Panels-Premium-Set-12-19-5-sq-ft-per-Box-1-Box-Set-1103A-Design/422358246. A copy of a screengrab of Website 5 including the Photograph is attached hereto as Exhibit 2.

87.     The Photograph was additionally displayed on Website 5 in at least six separate sites ("*Infringement 15 – 21*"). Walmart displayed Infringement 15 – 21 at the following URLs:

- https://www.walmart.com/ip/DIY-Self-Adhesive-Reclaimed-Wood-Planks-Wall-Decor-Rustic-Panels-Premium-Set-12-19-5-sq-ft-per-Box-1-Box-Set-1103B-Design/183096451

- https://www.walmart.com/ip/DIY-Self-Adhesive-Reclaimed-Wood-Planks-Wall-Decor-Rustic-Panels-Premium-Set-12-19-5-sq-ft-per-Box-1-Box-Set-1103B-Design/632393778

- https://www.walmart.com/ip/DIY-Self-Adhesive-Reclaimed-Wood-Planks-Wall-Decor-Rustic-Panels-Premium-Set-12-19-5-sq-ft-per-Box-1-Box-Set-1103B-Design/492559534

- https://www.walmart.com/ip/DIY-Self-Adhesive-Reclaimed-Wood-Planks-Wall-Decor-Rustic-Panels-Premium-Set-12-19-5-sq-ft-per-Box-1-Box-Set-1103B-Design/749793676

- https://www.walmart.com/ip/DIY-Self-Adhesive-Reclaimed-Wood-Planks-Wall-Decor-Rustic-Panels-Premium-Set-12-19-5-sq-ft-per-Box-1-Box-Set-

1103B-Design/603003771

- https://www.walmart.com/ip/Kingmys-DIY-Peel-and-Stick-Wood-Planks-Real-Wood-Wall-Panels-Premium-Set-of-12-Wood-Planks-19-5-sq-ft-per-Box-3-Box-Set-C19-Design/758117014

88.    The Photograph was stored at URL: https://i5.walmartimages.com/asr/27ab1d68-3cfe-434d-9d6e-aa0254c74132.e9b79cdcd2467143cbf423b281bee5ff.jpeg?odnWidth=1000&odnHeight=1000&odnBg=ffffff.

89.    Without permission or authorization from Plaintiff, Walmart volitionally copied and/or displayed Plaintiff's copyright protected Photograph on Website 5.

90.    Plaintiff discovered Infringements 15 - 21 on July 17, 2021.

91.    Home Depot displayed the Photograph on Website 6 at URL https://www.homedepot.com/p/Ejoy-5-in-W-x-48-in-L-Reclaimed-Peel-and-Stick-Solid-Wood-Wall-Paneling-1-Box-WoodPlank-C24-1Box/316271672 ("*Infringement 22*"). A copy of a screengrab of Website 6 including the Photograph is attached hereto as Exhibit 2.

92.    The      Photograph      was      stored      at      URL: https://images.thdstatic.com/productImages/d3227c60-4c44-427a-a427-cdf9c26b268e/svn/brown-ejoy-decorative-wall-paneling-woodplank-c24-1box-66_600.jpg.

93.    Without permission or authorization from Plaintiff, Home Depot volitionally copied and/or displayed Plaintiff's copyright protected Photograph on Website 6.

94.    Plaintiff discovered Infringement 22 on July 17, 2021.

95.    Hardwood Solution displayed the Photograph on Website 7 at URL https://www.hardwoodsolutionsofnashville.com/flooring_services.html ("*Infringement 23*"). A copy of a screengrab of Website 7 including the Photograph is attached hereto as Exhibit 2.

96.    The      Photograph      was      stored      at      URL: https://www.hardwoodsolutionsofnashville.com/library/site/bedroom.jpgciHN9DR5_jeTP6q4r7s_sMsxx_1g_SvX.

97.    Without permission or authorization from Plaintiff, Hardwood Solution volitionally

copied and/or displayed Plaintiff's copyright protected Photograph on Website 7.

98.     Plaintiff discovered Infringement 23 on December 20, 2021.

99.     Upon information and belief, the Photograph was copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

100.    The Infringements include URLs ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitute a specific infringement.

101.    The Infringements are exact copies of Plaintiff's original image that was directly copied and displayed by Defendants on the Websites and Account 1.

102.    Upon information and belief, Defendants takes an active and pervasive role in the content posted on their respective Websites and Account 1, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

103.    Upon information and belief, the Photograph was willfully and volitionally posted to the Websites by Defendants.

104.    Upon information and belief, the Photograph was willfully and volitionally posted to Account 1 by Stikwood.

105.    Upon information and belief, the Infringements were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

106.    Upon information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent.

107.    Upon information and belief, Defendants cannot claim that they were not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the

part of Defendants.

108.    Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

109.    Upon information and belief, Defendants had the legal right and ability to control and limit the infringing activities on their respective Websites and Account 1 and exercised and/or had the right and ability to exercise such right.

110.    Upon information and belief, Defendants monitor the content on their respective Websites and Account 1.

111.    Upon information and belief, the Defendants have received a financial benefit directly attributable to the Infringements.

112.    Upon information and belief, the Infringements increased traffic to Defendants' respective Websites and Account 1 and, in turn, caused Defendants to realize an increase their advertising revenues and/or merchandise sales.

113.    Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Websites and Account 1.

114.    Upon information and belief, the Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

115.    Defendants' use of the Photograph harmed the actual market for the Photograph.

116.    Defendants' use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

117.    In or around October 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendants' infringement of Plaintiff's rights-protected work.

118.    Despite Plaintiff's efforts and willingness to address Defendants' infringing activity, the parties failed to resolve the instant matter, and Plaintiff was forced to seek judicial intervention for Defendants' infringing activity.

119.    As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

120.   Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

121.   The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

122.   The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

123.   Plaintiff has not granted Stikwood a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Stikwood.

124.   Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Stikwood improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

125.   Stikwood's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

126.   Upon information and belief, Stikwood willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Stikwood used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on Account 1.

127.   As a result of Stikwood's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Stikwood's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

128.   As a result of Stikwood's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C.

§ 502.

## SECOND COUNT
### *(Contributory Copyright Infringement)*

129.    Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

130.    Stikwood herein has caused, enabled, facilitated and materially contributed to the Infringement by providing the Photograph to the Downstream Infringers.

131.    Stikwood has directly and indirectly promoted the Infringements and refused to exercise its ability to stop the Infringements made possible by its distribution.

132.    Stikwood is liable as a contributory infringer since it had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct.

133.    Stikwood's conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff.

134.    Upon information and belief, Stikwood willfully contributorily infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

135.    As a result of Stikwood's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven.

136.    As a result of Stikwood's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

## THIRD COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

137.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

138.    The Photograph is an original, creative work in which Plaintiff owns a valid

copyright.

139.   The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

140.   Plaintiff has not granted Williams-Sonoma a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Williams-Sonoma .

141.   Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Williams-Sonoma improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

142.   Williams-Sonoma's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

143.   Upon information and belief, Williams-Sonoma willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Williams-Sonoma used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on Website 1.

144.   As a result of Williams-Sonoma's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Williams-Sonoma's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

145.   As a result of Williams-Sonoma's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## FOURTH COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

146.   Plaintiff repeats and incorporates by reference the allegations contained in the

preceding paragraphs, as though set forth in full herein.

147.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

148.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

149.     Plaintiff has not granted Overstock a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Overstock.

150.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Overstock improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

151.     Overstock's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

152.     Upon information and belief, Overstock willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Overstock used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on Website 2.

153.     As a result of Overstock's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Overstock's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

154.     As a result of Overstock's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## FIFTH COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

155.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

156.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

157.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

158.    Plaintiff has not granted Wayfair a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Wayfair.

159.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Wayfair improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

160.    Wayfair's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

161.    Upon information and belief, Wayfair willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Wayfair used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on Website 3 and Website 4.

162.    As a result of Wayfair's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Wayfair's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

163.    As a result of Wayfair's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C.

§ 502.

## SIXTH COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

164.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

165.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

166.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

167.     Plaintiff has not granted Walmart a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Walmart.

168.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Walmart improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

169.     Walmart's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

170.     Upon information and belief, Walmart willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Walmart used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website 5.

171.     As a result of Walmart's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Walmart's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

172.     As a result of Walmart's violations of Title 17 of the U.S. Code, Plaintiff is entitled

to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**SEVENTH COUNT**
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

173.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

174.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

175.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

176.    Plaintiff has not granted Home Depot a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Home Depot.

177.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Home Depot improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

178.    Home Depot's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

179.    Upon information and belief, Home Depot willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Home Depot used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website 6.

180.    As a result of Home Depot's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Home Depot's profits

attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

181.     As a result of Home Depot's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

### EIGHTH COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

182.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

183.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

184.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

185.     Plaintiff has not granted Hardwood Solution a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Hardwood Solution.

186.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Hardwood Solution improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

187.     Hardwood Solution's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

188.     Upon information and belief, Hardwood Solution willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Hardwood Solution used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on Website 7.

189.    As a result of Hardwood Solution's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Hardwood Solution's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

190.    As a result of Hardwood Solution's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

191.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendants infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven; or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: July 16, 2024

**SANDERS LAW GROUP**

By: ___ */s/ Craig Sanders* _____
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126496

*Attorneys for Plaintiff*